**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.  15-cr-00272-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     JUAN CARLOS AMAYA,
          aka GORDO and CHOLO,
2.     LUZ JEANETTE BAEZA,
3.     CHRISTIAN BALDERAS CARDONA,
4.     FNU LNU AKA CHAPARRO,
5.     IVAN DOMINGEZ-QUEZADA
          aka PRIMO and MASCOTA,
6.     STEVEN FERGUSON,
          aka BRUISER,
7.     WALTER SALINAS FRIAS,
          aka FLACO,
8.     ADELMO GALLEGOS,
9.     MARLO GONZALEZ,
          aka EVIL,
10.    LUIS GRANADOS-ORDONEZ
          aka SHORTY,
11.    JASON HOLGUIN,
12.    DANIEL LOPEZ,
          aka DROOPY,
13.    JORGE LOYA-RAMIREZ,
          aka PRIMO,
14.    STEPHANIE MEDINA,
15.    ADAM NAKAMURA,
16.    JAMES PIERCE,
          aka LEVI,
17.    ALAN RAMON,
18.    ALAN RAMON, JR.
19.    ALBERT RAMON,
20.    RANDY RAMON,
21.    JENNIFER REH,
22.    DANIEL RIOS,
23.    ISIAH ROGERS,
          aka BIGGIE,
24.    ZENA ROMERO,

25.     FNU LNU AKA SINALOA,
26.     STEPHANIE TRUJILLO,
              aka SHORTY,
27.     ANTONIO VELAZQUEZ-HERNANDEZ,
              aka TONY,
28.     CARRIE VILLARREAL,

        Defendants.

---

## PROTECTIVE ORDER REGARDING JENCKS ACT MATERIAL RULE 26.2 AND RULE 16 MATERIAL

---

**Blackburn, J.**

The court has received the government's **Unopposed Motion for Protective Order Regarding Jencks Act Material Rule 26.2 and Rule 16 Material** [#418][1] filed August 13, 2015, concerning the use, custody, and circulation of Jencks Act material, Fed. R. Crim. P 26.2 material, Fed. R. Crim. P. 49.1, and Fed. R. Crim. P. 16 material disclosed in relation to the above captioned case.  *See* Title 18 U.S.C. § 3500; Fed. R. Crim. P. 16(a)(2) and 26.2;  *Giglio v. United States*, 405 U.S. 150 (1972);  *United States v. Ruiz*, 536 U.S. 622, 631-32 (2002)(upholding the right of the government to withhold confidential informant information in the context of plea bargaining before trial).

For good cause, the court may enter a protective order regulating discovery in a criminal case pursuant to Fed. R. Crim. P. 16(d) and the All Writs Act.  Title 28 U.S.C. ' 1651.

The court is familiar with the file in this case and has reviewed the motion.  The government has expressed concerns that the Rule 16, Rule 26.2 and Jencks Act

---

[1]  "[#418]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

protected documents, such as witness statements, results of photo surveillance, audio

files of intercepted communications, audio files of consensually recorded

communications, intercepted electronic communications, and written reports or written

statements of witnesses or persons assisting law enforcement, shall not be left in the

custody of a defendant.  The government cites concerns for adverse consequences for

witnesses that could stem from the unauthorized publication, duplication, or circulation

of such material which the government intends to disclose to the defense in the context

of general pretrial discovery or prior to pretrial court hearings and trial.

In the context of pretrial discovery, the court finds and concludes that the

government's proposed limitations on the use and control of the material disclosed to

the defense before trial are reasonable in the circumstances. Encouraging the early

disclosure of Jencks Act material and Rule 26.2 material may promote the fair and

prompt resolution of the case.

Being now sufficiently advised in the premises, the court finds and concludes that

it is in the best interests of justice to grant the government's motion for a protective

order at this time.

**THEREFORE, IT IS ORDERED** as follows:

1.  That Rule 26.2 material and Jencks Act material, to include witness

statements and reports of witness statements or debriefings, and Fed. R. Crim. P. 16

material, personal identifying information such as addresses, dates of birth, and social

security numbers for witnesses or other persons, and any NCIC/CCIC reports furnished

to the defense in this case shall be used only for official purposes related to judicial

proceedings in this case, to include any appeal, and for no other purpose;

2.   That, pursuant to this Order, copies of Rule 26.2 material and Jencks Act material reflecting personal identifying information described above, records showing statements by witnesses, photographs or video files showing defendants or other persons in relation to this case, audio files, summaries of intercepted communications, reports of witness statements or debriefing statements, and transcripts or summaries of testimony shall remain in the physical custody and control of the defense attorneys who have entered their appearance in this case and the confidential employees, associates or other persons working professionally with such defense attorneys;

3.   That where a defendant has been detained pending trial pursuant to Title 18 U.S.C. §§ 3142 or 3145, the parties are directed to coordinate with either the U.S. Marshal Service or the appropriate authority at the detention facility to ensure the reasonable availability of the pretrial discovery material, by use of read-only computers, under the custody and control of the warden, sheriff, superintendent or official in charge of the facility where the defendant is being detained before trial; that the parties agree further that such material shall remain in the physical custody and control of officials permitting a defendant to review material on a judicially provisioned computer in relation to this case as described above; that such facilities must not allow a defendant to e-mail, print or duplicate the material; and provided, also that the material provided to the detention facilities shall be the same as that provided to defense counsel;

4.   That where a defendant is on bond, the material may be reviewed under supervision of the defense attorneys who have entered their appearance in this case, their associates, and the confidential employees or assistants working with such defense attorneys; that the material shall not be entrusted to the care and custody of the

defendant without such supervision; and that defendants on bond are not to e-mail, print or duplicate the material;

5.  That with the exception of copies prepared by counsel of record or their staff for official use in relation to this case, unless the attorneys for the defense and the government come to a specific understanding to the contrary, the Rule 26.2 material, Jencks Act material, and Rule 16 material disclosed to the defense, to include disclosure made through the use of electronic media, shall not be published or publicly circulated by the defense without further order of court or until its use in judicial proceedings at time of trial or in official hearings or proceedings related to this case;

6.  That in the event the defense and the government agree that certain materials or documents should be exempted from the limits otherwise imposed by this Order, they may do so by mutual agreement; and that in the event that the defense and the government disagree or are unclear about the meaning or application of this Order with respect to some document, file, photograph, or other material in the case, the parties may bring the issue to the attention of the court; and

7.  That at the conclusion of the case, the described Rule 26.2 material, Jencks Act material, NCIC/CCIC records, audio files, video files, and photographs may be returned to the government or disposed of in a manner that prevents unauthorized disclosure.

Dated August 14, 2015, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

5